ELLIS, Judge.
This case concerns the determination of the beneficiary under a certain group life insurance policy which insured the life of one Charles Murray, deceased. The circumstances surrounding this case are as follows:
Charles Murray was employed by Barber Brothers Contracting Company. On December 8, 1962, he enrolled in their group life insurance plan, which was then underwritten by Minnesota Mutual Life Insurance Company. At that time, he designated Doris Washington Murray, wife, as beneficiary under the life policy. At that time, he was living with Doris Washington without benefit of clergy. In January, 1964, Murray moved into the home of Dorothy Givens Jenkins, and lived with her without benefit of clergy, until February, 1965, when they separated. On June 18, 1964, he signed a change of beneficiary card direct *257 ing that his beneficiary be changed to “Dorthy Murray (wife)”. After leaving Dorothy Givens Jenkins, Murray moved in once again with Doris Washington, and stayed there until October 22, 1965, when she had him put out because he “jumped on her.”
As of April 15, 1965, Barber Brothers changed their underwriting company from Minnesota to Liberty Life Assurance Company. Before that was done, Liberty picked up all of the Minnesota enrollment cards from Barber and typed them up on their own forms, which were then sent back to be signed by the employees. On April 13, 1965, Charles Murray signed his card. On the face of it appears the typewritten name, Doris Washington Murray, wife, as the beneficiary. However, there is a line drawn through the names Doris Washington, and the name “Dorthy” is written in on the card. Aubrey Lee Barber, Jr., who was in charge of handling the. enrollment cards for Barber Brothers, testified that the card dated April 13, 1965, just referred to, was received by him from Liberty in the condition above described. He further testified that other cards received from Liberty which has some names scratched through and other names placed on the card corresponding with changes which had been ordered on Minnesota Mutual change of beneficiary cards prior to the time that the policy was transferred to Liberty Life. He further testified that the card placed in evidence was in the condition above described at the time that Charles Murray signed it.
This suit was brought by Dorothy Givens Jenkins against Liberty Life, alleging that Charles Murray had been killed on February 12, 1966, and that she was beneficiary under the policy. Liberty Life then filed answer and a reconventional demand which had the effect of provoking a concursus proceeding relative to the proceeds of the policy. They alleged the claimants of the proceeds to be Dorothy Givens Jenkins, Doris Washington, Dorothy Murray Hinton, and Gladys Butler.
Gladys McSwain Butler then intervened claiming to be the tutrix of Sharon Rose Rudison, Charlesetta Murray and Ann Fleece Murray, minor children of Charles Murray by a prior marriage, and the mother of Charles Murray. She further alleges that Dorothy Murray Hinton is an aunt of Charles Murray, that she is the person named on the enrollment card as beneficiary of the policy, and that the said Dorothy Murray Hinton had assigned her interest in the policy to Murray’s minor children.
After hearing the witnesses, the trial judge ruled that Dorothy Givens Jenkins was the intended beneficiary of the policy, and gave her judgment against Liberty Life for the amount of the policy, and directed that the costs be paid out of the funds subject to the concursus proceedings. From this judgment, a suspensive appeal was taken by Liberty Life and Doris Washington, and a devolutive appeal by Dorothy Murray Hinton and Gladys McSwain Butler.
Liberty Life takes the position that it could not acquiesce in the trial court judgment without hazard of double payment, and therefore perfected its appeal. It alleges it stands ready, willing, and able to pay the proceeds to the person entitled to them.
Doris Washington takes the position that on the date the Liberty Life enrollment card was executed by Charles Murray he was then living with her and he intended to make her the beneficiary under the policy. She points out that her name is typewritten on the card, and that whoever struck her name from the card and added the word “Dorthy” thereto did so without authority. No evidence was offered in support of the latter contention. The trial judge, however, concluded that the card was signed by Charles Murray in the condition in which it appears in the record, and that when he signed it he perpetuated the change of beneficiary which he had made while living with Dorothy Givens Jenkins. Considering *258 the evidence in the case as outlined above, we are in full agreement with his conclusion.
Dorothy Murray Hinton, whose maiden name was Murray, contends that since she is the only person in this case whose legal name is Dorothy Murray, she is the person entitled to the proceeds of the policy, which she has assigned to Murray’s children. The trial court found that, since the name Dorothy Murray on the card was identified as being the wife of Charles Murray, he could hardly have intended to make his aunt the beneficiary. We are also in full agreement with this conclusion.
Gladys McSwain Butler takes the position that it is impossible to ascertain the intention of Charles Murray as to his beneficiary in view of the confused nature of the face of the card, and of his personal life. She points out that two lines above the space in which the name of the beneficiary is to be entered appears a line headed “Dependents to be insuredand notes that both spouse and children are indicated as such dependents. She says that where it is impossible to determine the intention of the decedent as to the beneficiary, that the proceeds of the policy should revert to his estate and therefore to his children as forced heirs. Since we are of the opinion that the intention of Charles Murray can be determined from the record, for reasons hereinafter set forth, we find that the trial judge correctly rejected this claim.
The record is replete with evidence to show that, during the time that Charles Murray and Dorothy Givens Jenkins resided together, she was known as Dorothy Murray and that she and Charles held themselves out to the community as husband and wife. She cared for his children, who resided with them during the time that they lived together. A number of documents, indicating that she was known as Dorothy Murray,, were introduced in evidence. We find that the overwhelming preponderance of the evidence in this' case is to the effect that Murray first designated Doris Washington as his beneficiary, subsequently changed it to Dorthy Murray, intending thereby to have Dorothy Givens Jenkins as his beneficiary, and finally perpetuated that change when he executed the card prepared in the office of Liberty Life. As contended by every party to this case, the intention of the decedent is the fact which must be ascertained, and we feel that question was properly resolved by the district court.
As pointed out above, the district court cast Dorothy Givens Jenkins for all costs. Although plaintiff complains of this fact, she neither appealed nor answered the appeal, and under those circumstances cannot now complain as to that part of the judgment.
For the above and foregoing reasons, the judgment of the district court is affirmed. We believe it equitable that the cost of this appeal be paid out of the fund in dispute.
Affirmed.